FILED

OCT 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROY DARYL WILKERSON,

            Petitioner - Appellant,

  v.

SHARON BLACKETTER,
Superintendent, Eastern Oregon
Correctional Institution,

            Respondent - Appellee.

No. 10-35573

D.C. No. 3:07-cv-00869-BR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted October 11, 2011
Portland, Oregon

Before: BERZON and N.R. SMITH, Circuit Judges, and SMITH, District Judge.[**]

Roy Daryl Wilkerson, an Oregon state prisoner, appeals the district court's

denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable William E. Smith, District Judge for the U.S. District Court for the District of Rhode Island, sitting by designation.

conviction for one count of assault in the first degree and two counts of assault in the second degree. Wilkerson seeks relief, alleging trial counsel rendered ineffective assistance of counsel when he failed to object to certain remarks made by the prosecutor during closing argument. We review *de novo* the district court's denial of a state prisoner's habeas petition, *Parle v. Runnels*, 505 F.3d 922, 926 (9th Cir. 2007), and we affirm.

**1.     Remarks applicable to Wilkerson's self-defense claim.**

The Oregon state court's denial of Wilkerson's *Strickland* claim was not contrary to, or an unreasonable application of, Supreme Court precedent with regard to trial counsel's failure to object to the prosecutor's closing statements relating to the location of Wilkerson's t-shirt. *See* 28 U.S.C. § 2254(d) (a federal court may not grant habeas relief unless it concludes that the state court's adjudication of the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding").

Under *Strickland v. Washington*, Wilkerson must allege both (1) "that counsel's representation fell below an objective standard of reasonableness," 466

U.S. 668, 688 (1984); and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Umatilla Circuit Court found that, while the prosecutor's statements were improper, trial counsel's failure to object was a trial tactic not inadequate representation. Accepting the Umatilla Circuit Court's finding, Wilkerson failed to provide any evidence to support his claim that his counsel's failure to object to the prosecutor's closing argument was objectively unreasonable. As the Supreme Court suggested in *Harrington v. Richter*, "[t]here is a 'strong presumption' that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than 'sheer neglect.'" 131 S. Ct. 770, 790 (2011).

Even if trial counsel's failure to object was objectively unreasonable, Wilkerson cannot show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694. The trial court cured any error by its reading of the jury instructions. *See United States v. McKoy*, 771 F.2d 1207, 1213 (9th Cir. 1985). The jury was properly instructed that the prosecution had the burden of proving Wilkerson's guilt beyond a reasonable doubt. That burden specifically included Wilkerson's self-defense claim. Thus, the state court's determination that trial counsel did not provide

3

inadequate representation was neither contrary to, nor an unreasonable application of, clearly established law.

**2.      Remarks regarding who was the aggressor**.

Assuming exhaustion of this claim, Wilkerson failed to provide any evidence to support his claim that the prosecutor's statements were improper or a mischaracterization of the facts, as there was conflicting testimony regarding who was the aggressor.  Even if the statement were improper, Wilkerson failed to meet the *Strickland* test.  There is no support for the argument that trial counsel's failure to object to the prosecutor's closing argument was ineffective assistance.  Lastly, any failure to object was rendered harmless by the trial court's instructions to the jury that the attorneys' statements and arguments are not evidence.  *McKoy*, 771 F.2d at 1213.

**AFFIRMED.**